# NO. 12-16-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NATHAN ALLEN KING,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Nathan Allen King appeals his conviction for driving while intoxicated. In one issue, Appellant challenges the trial court's admission of his statements to the police. We affirm.

### BACKGROUND

Appellant was charged by information with DWI. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Sergeant Mike Samford of the Wills Point Police Department initiated a traffic stop on Appellant after observing a lit cigarette exit his vehicle's window. Upon contact with Appellant, Samford smelled the odor of an alcoholic beverage. Samford began a DWI investigation, which Texas Department of Public Safety Trooper Phillips subsequently assumed. After his investigation, Phillips concluded that Appellant was intoxicated.

Ultimately, the jury found Appellant "guilty" of DWI. The trial court assessed his punishment at confinement for 180 days, suspended for a term of twelve months, with confinement for six days as a condition of community supervision, and a $1,000 fine. This appeal followed.

In his sole issue, Appellant complains that the trial court erred by overruling his objection to the admission of certain statements he made to the police.

## Standard of Review and Applicable Law

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Article 38.22 of the code of criminal procedure provides as follows:

Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

(1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
(3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;
(4) all voices on the recording are identified; and
(5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3 (West Supp. 2016). These requirements do not apply to voluntary statements or statements not stemming from custodial interrogation. *Id.* § 5 (West Supp. 2016).

A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). The reasonable person standard presupposes an innocent person. *Id.* Situations that might constitute custody include (1) when the suspect is physically deprived of his freedom of action in a significant way, (2) when a law enforcement officer tells the suspect he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave. *Id.* at 255. Situation four does not automatically establish custody; rather, custody is established if the manifestation of probable cause, combined with other circumstances, would lead a reasonable person to believe that he is under restraint to the degree associated with an arrest. *Id.*

**Analysis**

At trial, Sergeant Samford testified that when he detected the odor of an alcoholic beverage, he asked Appellant to step out of the vehicle. Appellant initially told Samford that he drank two beers that day. Based on the odor's strength, Samford believed Appellant drank more than two beers. Samford asked for a breath sample, but Appellant refused. Samford then asked Appellant to "just be honest," and Appellant stated that he drank six or seven beers. Appellant's counsel objected to this testimony, contending that his statements were involuntary and the State failed to comply with Article 38.22. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. The trial court overruled the objection and granted Appellant a running objection to any further testimony regarding statements he made. Samford testified that there was no videotape of the events. He further stated that he did not place Appellant in handcuffs or under arrest, and he did not make any statements that would lead Appellant to believe he was under arrest.

On appeal, Appellant first filed a brief arguing that the trial court erred by failing to conduct a hearing as required by Article 38.22 to determine the admissibility of his statements.[1] The State filed a motion to abate, which we granted. The trial court conducted a suppression hearing on the matter and issued findings of fact and conclusions of law. At the suppression hearing, Sergeant Samford testified that he stopped Appellant for littering, an arrestable offense. Samford was in uniform and armed with a firearm and an alternative force weapon. He took Appellant to the back of his vehicle. Appellant gave Samford his driver's license and proof of insurance. Samford did not tell Appellant that he was free to leave. He conducted a horizontal gaze nystagmus test, which confirmed his suspicion that Appellant drank more than two beers.

On direct examination, Samford testified that after he conducted the HGN test, he believed Appellant was intoxicated and told him so. On redirect, however, Samford testified that he did not recall whether he told Appellant he believed he was intoxicated. On recross, Samford said he never reached a conclusion that Appellant was guilty of driving while intoxicated, but he had reasonable suspicion for the offense and therefore called a trooper to investigate.

In its written findings of fact and conclusions of law, the trial court determined that Sergeant Samford did not arrest Appellant, that Samford's conduct would not lead a reasonable person to believe he was under custodial arrest, and that all of Appellant's statements to Samford were made before his arrest and were voluntary. In Appellant's supplemental brief, he argues that the trial court erred by concluding he was not in custody after Samford told him that his eyes showed he was intoxicated, and consequently overruling his objection to the admission of his subsequent statements.

If Sergeant Samford told Appellant he believed he was intoxicated, the statement would constitute a manifestation of probable cause and weigh in favor of a finding that Appellant was in custody at that point. *See Dowthitt*, 931 S.W.2d at 255. But, as the exclusive trier of fact and judge of the witnesses' credibility, the trial court was free to disregard Samford's testimony that he told Appellant his eyes showed he was intoxicated, especially given the fact that Samford later testified he did not recall whether he made the statement. *See Maxwell*, 73 S.W.3d at 281; *see also Ross*, 32 S.W.3d at 855. Based on our review of the totality of the circumstances, we conclude that the record supports the trial court's conclusion that Appellant was not in custody

---

[1] "In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West Supp. 2016).

until his arrest by Trooper Phillips. *See **Dowthitt***, 931 S.W.2d at 255. Therefore, the trial court did not abuse its discretion by overruling Appellant's Article 38.22 objection. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 5. Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered July 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2017

NO. 12-16-00195-CR

**NATHAN ALLEN KING,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Van Zandt County, Texas (Tr.Ct.No. 2014-00089)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*